IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RUTHIE HULLETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-651-ALM-KPJ |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY and SELECT | § | |
| PORTFOLIO SERVICING, | § | |
| | § | |
| Defendants. | | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants Deutsche Bank National Trust Company, as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2004-HE1, Mortgage Pass-Through Certificates, Series 2004-HE1 ("Deutsche Bank") and Select Portfolio Servicing's ("Select") (collectively, "Defendants") Motion for Summary Judgment and Brief in Support (the "Motion for Summary Judgment") (Dkt. 43), to which Plaintiff Ruthie Hullett ("Plaintiff") filed a response (the "Response") (Dkt. 51), and Defendants filed a reply (the "Reply") (Dkt. 52). For the reasons that follow, the Court recommends that the Motion for Summary Judgment (Dkt. 43) be **GRANTED**.

### I. BACKGROUND

#### A. Procedural History

On July 28, 2022, Plaintiff, proceeding *pro se*, initiated this lawsuit by filing a complaint (the "Complaint") (Dkt. 1) against Defendants arising out of the foreclosure of her home. *See* Dkt. 1 at 1–2. Defendants filed a motion to dismiss (the "First Motion to Dismiss") (Dkt. 6) on August 10, 2022, and Plaintiff filed an amended complaint (the "First Amended Complaint")

1

(Dkt. 7) as a matter of course on August 30, 2022. *See* Dkts. 6–7; *see also* FED. R. CIV. P. 15(a)(1)(B). In the First Amended Complaint (Dkt. 7), Plaintiff specifically alleged several claims against Defendants, including: (1) breach of contract; (2) fraud; (3) RICO; (4) wrongful foreclosure; (5) slander of title; (6) Texas Deceptive Trade Practices Act ("DTPA"); (7) slander of credit; and (8) intentional and negligent infliction of emotional distress. *See* Dkt. 7 at 7–14. The following day, Defendants filed another motion to dismiss (the "Second Motion to Dismiss") (Dkt. 8). *See* Dkt. 8. On February 6, 2023, the Court recommended that Plaintiff's DTPA and negligent infliction of emotional distress claims be dismissed with prejudice. *See* Dkt. 33 at 39. The Court further recommended that all of Plaintiff's remaining claims be dismissed without prejudice with leave to file an amended complaint. *See id.* On March 13, 2023, a Memorandum Adopting Report and Recommendation (Dkt. 36) was issued, dismissing Plaintiff's DTPA and negligent infliction of emotional distress claims with prejudice, dismissing all of Plaintiff's remaining claims without prejudice, and providing Plaintiff leave to file an amended complaint. *See* Dkt. 36 at 2.

**A.     Second Amended Complaint**

On April 17, 2023, Plaintiff filed another amended complaint (the "Second Amended Complaint") (Dkt. 38), wherein she alleges that she was "knowingly set up for failure by predatory lending practices." Dkt. 38 at 2. Specifically, Plaintiff contends that "[s]ubprime loans," like the one she purportedly received, are "discriminatory because only low income, credit challenged, and minorities" received them. *Id.* Plaintiff further alleges that, unlike other borrowers with loans from "Countrywide Home Loans and Bank of America," she was not offered a modification to her loan that would "lower principle [sic] balances, interest rates, and benefit the borrower." *See id.* Instead, Plaintiff contends that she was "put in a plan that increased her principle [sic] balance and made a

substantial balloon payment due at loan maturity." *Id.* According to Plaintiff, this benefitted the loan servicer but was detrimental to her. *Id.*

Plaintiff further alleges that on September 9, 2003, "as part of the initial contract," Aames Funding Corporation d/b/a Aames Home Loans ("Aames"), executed an "endorsement and assignment of note," which left the assignee blank. *Id.* According to Plaintiff, because there was "no assignment of note," there is no lien on her property. *Id.* Similarly, Plaintiff concludes that, as "there was no assignment of note, there was fraud at the initiation of [the] contract, and Deutsche Bank," as the trustee, lacks "standing to foreclose." *Id.*

**C.      Motion for Summary Judgment**

On June 12, 2023, Defendants filed the Motion for Summary Judgment (Dkt. 43), wherein they construe the Second Amended Complaint (Dkt. 38) as containing "only a single cause of action for fraud, if anything." Dkt. 43 at 4. Regarding that sole claim, Defendants make three main arguments. First, Defendants contend that Plaintiff's fraud claim is barred by the statute of limitations because the loan was issued almost twenty years before this lawsuit was initiated. *See* Dkt. 43 at 7. Second, Defendants argue that there is "no evidence that [they] made any material representations that were false, . . . known to be false or asserted without knowledge of its truth, [or] . . . intended to be relied upon by Plaintiff that caused her damages." *Id.* at 8. Finally, Defendants contend that, when "the rights and obligations of the parties are defined by an existing written contract," the "economic loss rule" prohibits recovery in tort. *Id.*

In the Response (Dkt. 51), Plaintiff asserts "that fraud was committed at contract initiation" because Defendants "were not the holders in due course and were not lawfully authorized to

3

enforce foreclosure." Dkt. 51 at 2.[1] Likewise, Plaintiff asserts that "[D]efendants are making presentments on behalf of someone else without authority." *Id.* Finally, Plaintiff asserts that Defendants committed fraud by misleading her into signing what she "believed to be a mortgage loan." *Id.* Plaintiff attaches no evidence and cites no portions of the record supporting her assertions.

## II.   LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999) (citations omitted). The summary judgment inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To sustain this burden, the movant must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*,

---

[1] Plaintiff, citing the Uniform Commercial Code (the "UCC"), spends much of the Response (Dkt. 51) arguing that Defendants "are not holders in due course and had no rights to file foreclosure." *See* Dkt. 51 at 2. This argument is frivolous. The UCC governs transactions creating "a security interest in personal property or fixtures"—not real property. *See* U.C.C. § 9-109(a)(1), (d)(11) (AM. L. INST. & UNIF. L. COMM'N 2023); *Tremble v. Wells Fargo Home Mortg., Inc.*, 478 F. App'x 164, 166 (5th Cir. 2012) ("The UCC, however, does not govern the mortgage, a lien on real property." (citations omitted)).

4

37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (en banc) (emphasis omitted) (citing *Celotex*, 477 U.S. at 323). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citation omitted).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). The citations to evidence should be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. Loc. R. CV-56(c); *see also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks omitted).

"When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to 'make a showing sufficient to establish the existence of an element essential to [its] case.'" *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quoting *Celotex*, 477 U.S. at 322). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

### III.  ANALYSIS

**A.  Fraud**

In Texas, the elements of fraud are as follows:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon

5

it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 674 (5th Cir. 2015) (quoting *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011)). In the Motion for Summary Judgment (Dkt. 43), Defendants point to the absence of any evidence indicating that they made a material misrepresentation to Plaintiff. *See* Dkt. 43 at 7–8. By pointing to the absence of any evidence supporting a specific element of Plaintiff's claim, Defendants have met their summary judgment burden. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 335 n.10 (5th Cir. 2017) ("[W]hile it is true that a movant cannot support a motion for summary judgment with a conclusory assertion that the nonmovant has no evidence to support his *case*, a movant may support a motion for summary judgment by pointing out that there is no evidence to support a *specific element* of the nonmovant's claim." (emphasis in original) (citing *Celotex*, 477 U.S. at 322–23)); *Burke v. Fed. Nat'l Mortg. Ass'n*, No. 10-cv-671, 2011 WL 5218838, at *4 (E.D. Tex. Oct. 7, 2011) (granting the defendant's motion for summary judgment on the plaintiff's fraud claim because there was "no evidence of any false, material misrepresentation"). As Defendants have met their burden, the Court turns to whether Plaintiff has demonstrated a genuine issue of material fact.

In the Response (Dkt. 51), Plaintiff relies on the conclusory assertion that she was "misled." Dkt. 51 at 2. However, Plaintiff neither cites nor attaches any summary judgment evidence. *See* Dkt. 51. Such an unsubstantiated assertion is insufficient to meet Plaintiff's summary judgment burden. *See Hathaway*, 507 F.3d at 319; FED. R. CIV. P. 56(c)(1)(A) (requiring the citation to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions,

interrogatory answers, or other materials"). Thus, the Court recommends that the Motion for Summary Judgment (Dkt. 43) be granted.

**B.      Other Potential Claims**

In the Motion for Summary Judgment (Dkt. 43), Defendants argue that the Second Amended Complaint (Dkt. 38) contains "only a single cause of action for fraud, if anything." Dkt. 43 at 4. Therefore, by arguing that they are entitled to summary judgment on Plaintiff's fraud claim, Defendants conclude that "all claims of Plaintiff" should be "dismissed with prejudice." Dkt. 43-11; *see* Dkt. 43 at 7–8, 10. However, it is unclear whether fraud is Plaintiff's sole cause of action. Plaintiff purports to bring claims of "Fraud, Discriminatory Practices, [and] Defects," and she contends that Defendants engaged in "deceptive business practices in violation of Federal Laws, and Federal Security statutes." Dkt. 38 at 2. Defendants appear to acknowledge that, at the minimum, the Second Amended Complaint (Dkt. 38) is patently ambiguous and nearly indecipherable. *See* Dkt. 43 at 2 ("Plaintiff's claims are in large part difficult to discern . . . ."); *id.* at 7 ("Plaintiff attempts to assert a fraud claim but once again, the factual basis for [the] same is essentially unintelligible."); *id.* ("Since Plaintiff includes no details regarding this claim[,] it is difficult to ascertain the factual basis for [her] allegations."). As it is unclear whether Plaintiff intended to allege other claims in addition to her fraud claim, the Court cannot recommend that this case be closed.

In the First Amended Complaint (Dkt. 7), Plaintiff divided and labeled each of her claims as required by the Federal Rules of Civil Procedure. *See* Dkt. 7; *see also* FED. R. CIV. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a

7

separate count or defense."). Based largely on that organizational structure, Defendants understood the nature of the allegations against them and filed the Second Motion to Dismiss (Dkt. 8). *See* Dkt. 8. The Second Motion to Dismiss (Dkt. 8) was granted in part, and each of Plaintiff's claims were dismissed—several without prejudice and with leave to amend. *See* Dkt. 36 at 2. The Second Amended Complaint (Dkt. 38), unlike the First Amended Complaint (Dkt. 7), fails to separate and label each cause of action. *Compare* Dkt. 7, *with* Dkt. 38. Given the incoherent nature of the factual allegations, Plaintiff's failure to divide her claims into separate sections makes it impossible to determine which claims she intended to replead.

Construing the Motion for Summary Judgment (Dkt. 43) broadly, Defendants appear to request that Plaintiff cure this defect such that they may adequately prepare a defense or response. *See* Dkt. 43 at 2, 7. The Court agrees that such relief is necessary. To the extent that Plaintiff intended to assert claims in addition to fraud, the Second Amended Complaint (Dkt. 38) is so disorganized and incomprehensible that Defendants cannot possibly identify, and defend against, those claims. Thus, Plaintiff should be permitted to file another amended complaint, wherein she may allege claims against Defendants, except for those that have already been dismissed with prejudice, i.e., negligent infliction of emotional distress, DTPA, and, upon adoption of this Report and Recommendation, fraud. Each claim in the amended complaint should be separated into its own subsection, state whether it is brought against Deutsche Bank, Select, or both Defendants, and be supported by "a short and plain statement" demonstrating that Plaintiff is "entitled to relief." *See* FED. R. CIV. P. 8(a)(2).

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that the Motion for Summary Judgment (Dkt. 43) be **GRANTED**, and Plaintiff's fraud claim be **DISMISSED WITH PREJUDICE**.

The Court further recommends that, to the extent Plaintiff intended to allege claims in addition to her fraud claim against Defendants in the Second Amended Complaint (Dkt. 38), she be given leave to file an amended complaint no later than fourteen (14) days after entry of a Memorandum Adopting Report and Recommendation, if any. That amended complaint should set forth—in separately numbered sections—each claim Plaintiff intended to articulate in the Second Amended Complaint (Dkt. 38) other than the fraud claim.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party filing objections is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 23rd day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE